UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KESHIA PORTER RICHARDSON, )<br>individually, as representative of the Estate )<br>of Delandis Richardson, deceased, and as )<br>next friend of M.R., MA.R., and MY.R., minor )<br>children, JACQUELINE RICHARDSON, )<br>and DARYL SLATE, )<br>)<br>            **Plaintiffs,** )<br>)<br>v. )<br>)<br>CUDD PRESSURE CONTROL, INC. )<br>d/b/a Cudd Energy Services, FORD )<br>MOTOR COMPANY, and BALLARD'S )<br>OF CLINTON d/b/a McKinsey Motor )<br>Company d/ba/ AMC Jeep Renault, )<br>McKinsey-Ballard Motors and/or )<br>McKinsey Ford, )<br>)<br>            **Defendants.** ) | Case No. 17-CV-0279-CVE-FHM |

**OPINION AND ORDER**

Now before the Court is Plaintiffs' Motion to Remand to Oklahoma State District Court (Dkt. # 12). Plaintiffs argue that this case was improperly removed to federal court, and they ask the Court to remand the case to Tulsa County District Court. Defendant Ford Motor Company (Ford) responds that plaintiffs are engaging in blatant forum shopping and that plaintiffs have fraudulently joined two non-diverse defendants in an attempt to defeat federal subject matter jurisdiction.

**I.**

Delandis Richardson was employed by Cudd Pressure Control, Inc. (Cudd), and Richardson was and his wife is a citizen of Texas for the purpose of diversity jurisdiction. Dkt. # 1-1, at 2, 4. On November 25, 2014, Richardson was a passenger in a company-owned vehicle, which had been

purchased from Ballard's of Clinton d/b/a McKinsey Motor Company (McKinsey). Id. at 4. Cudd employee Randy Roddy was driving the vehicle, and plaintiffs claim that the vehicle rolled over and the occupant restraint system failed during the accident. Id. at 4. Richardson was killed as a result of the accident, and plaintiffs claim that Roddy and Richardson were acting within the scope of their employment at the time of the accident. Id. at 4-5. Plaintiffs allege that the accident occurred in Campbell County, Wyoming. Id. at 4.

Ford has submitted evidence suggesting that Richardson's estate has filed a claim for workers' compensation benefits in North Dakota.[1] Dkt. # 21-1. However, plaintiffs deny that the estate has filed a workers' compensation claim in North Dakota or that the estate has received workers' compensation benefits in any state. Dkt. # 26, at 3. In addition, plaintiffs have filed a lawsuit in Texas state court alleging claims of negligence and gross negligence against Cudd, and claims of manufacturer's products liability, negligence, and gross negligence against Ford. Dkt. # 21-2, at 7-11. The Texas lawsuit was filed in 2015. On November 17, 2016, plaintiffs filed a second lawsuit in Tulsa County District Court alleging claims of negligence and gross negligence against Cudd, claims of manufacturer's products liability, negligence, and gross negligence against Ford, and a manufacturer's products liability claim against McKinsey. The petition does not specify whether Oklahoma law or the law of some other state applies to plaintiffs' claims, and the state court has not made a choice of law determination.

---

[1] Ford has submitted a printout showing that Delandis Richardson has filed a workers' compensation claim against Cudd in North Dakota, and the printout provides a claim number. Dkt. # 21-1, at 1. Ford states that it is unable to obtain any additional information without a release from Delandis Richardson's estate or a court order. Dkt. # 21, at 8.

As to the case filed in Tulsa County District Court, Ford removed the case to this Court on the basis of diversity jurisdiction. Ford is incorporated in the state of Delaware and has its principal place of business in Michigan. Plaintiffs Keshia Porter Richardson, M.R., MA.R., and MY.R. are citizens of Texas, and the decedent, Delandis Richardson, was also a citizen of Texas. Dkt. # 1, at 4-5. Plaintiff Jacqueline Richardson is a citizen of Florida, and plaintiff Daryl Slate is a citizen of Tennessee.[2] Id. at 5. Defendant Cudd is a citizen of Texas, and defendant McKinsey is a citizen of Oklahoma. Ford argues that Cudd and McKinsey have been fraudulently joined as parties, because plaintiffs do not have viable claims against these defendants under Oklahoma law. Id. at 6-12. Even if Oklahoma law does not apply to plaintiffs' claims against Cudd, Ford argues that plaintiffs' tort claims against Cudd are barred by the workers' compensation laws of Texas, Wyoming, or North Dakota. Plaintiffs have filed a motion to remand (Dkt. # 12), arguing that Cudd and McKinsey are properly joined as parties. According to plaintiffs, Texas law provides an exception to the exclusive remedy provision of its workers' compensation laws, and it is possible that plaintiffs can recover against Cudd in tort as a matter of Texas law. Dkt. # 12, at 11-15. Plaintiffs also argue Ford has not conclusively established that McKinsey would be entitled to an innocent seller defense under OKLA. STAT. tit. 76, § 57.2, and it is possible that plaintiff could recover against McKinsey.

## II.

Plaintiffs ask the Court to remand this case to Tulsa County District Court, because neither Cudd nor McKinsey has been fraudulently joined and the Court lacks diversity jurisdiction over this case. Ford responds that plaintiffs' tort claims against Cudd are barred by the exclusive remedy

---

[2] Jacqueline Richardson is the decedent's mother and Slate is the decedent's father. Dkt. # 1-1, at 2.

3

provisions of Oklahoma, Wyoming, North Dakota, or Texas law, and plaintiffs have no possibility of recovery against Cudd. Ford also argues that McKinsey is an innocent seller as a matter of Oklahoma law, and plaintiffs' manufacturer's products liability claim against McKinsey is barred by § 57.2.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Ford can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If Ford can show that the non-diverse defendant, Cudd, was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over this case.[3] See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). To prove that a party has been fraudulently joined, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause

---

[3] The parties also dispute whether McKinsey was properly joined as a party, but the inclusion of McKinsey in this case does not deprive the Court of diversity jurisdiction. McKinsey is completely diverse from plaintiffs, and the Court will have subject matter jurisdiction if it finds that Cudd was fraudulently joined. Plaintiffs have raised a separate procedural argument that removal is improper under the home state rule, because McKinsey is a citizen of Oklahoma and a civil action may not be removed to federal court on the basis of diversity jurisdiction if "any of the parties properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). The Court will consider this procedural argument as to remand if the Court determines that Cudd was fraudulently joined as a party.

4

of action against [the joined party] in state court." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.3d at 246 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

The parties' dispute as to the viability of plaintiffs' claims against Cudd depends upon the choice of law determination. Plaintiffs have not alleged an intentional tort against Cudd, and they do not dispute that a negligence claim of any variety would be barred by the exclusive remedy provisions of Oklahoma, Wyoming, and North Dakota workers' compensation law. In order to proceed with a tort claim against Cudd, plaintiffs will have to establish that their claims against Cudd are governed by Texas law. Under Texas law, workers' compensation is the exclusive remedy for an employee alleging that he suffered a work-related injury. TEX. LABOR CODE ANN. § 408.001. However, § 408.001 "does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." Id. Plaintiffs have alleged that Cudd acted with negligence and gross negligence by allowing Roddy to drive a company vehicle. Dkt. # 1-1, at 5-6. Plaintiff's ordinary negligence claim against Cudd is barred by § 408.001 but,

5

if the Court were to find that Texas law applied, it is possible that plaintiff could proceed with a gross negligence claim against Cudd. Plaintiffs' negligence and gross negligence claims are identical in the Texas lawsuit and this case, and this could be viewed as an indication that plaintiffs are seeking to have Texas law applied to their claims against Cudd in this case. However, plaintiffs' intention concerning the choice of law is not a deciding factor in the choice of law analysis.

In making a choice of law determination in a diversity case, this Court must apply the choice of law rules that would be applicable in the courts of the forum state. Garcia v. Int'l Elevator Co., Inc., 358 F.3d 777, 779 (10th Cir. 2004); New York Life Ins. Co., v. K N Energy, Inc., 80 F.3d 405, 409 (10th Cir. 1996). The Oklahoma Supreme Court has stated that "the rights and liabilities of parties with respect to a particular issue in tort should be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." Hightower v. Kansas Southern Ry. Co., 70 P.3d 835, 842 (Okla. 2003). In applying the "most significant relationship" test, a court must consider the following four factors:

(1) the place where the injury occurred,

(2) the place where the conduct causing the injury occurred,

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(4) the place where the relationship, if any, between the parties occurred.

Brickner v. Gooden, 525 P.2d 632, 637 (Okla. 1974).

Plaintiffs argue that a federal district court can engage in a choice of law analysis in considering an argument that a defendant has been fraudulently joined, but the defendant bears a heavy burden to show that removal is proper. Dkt. # 12, at 10. Ford argues that Wyoming law applies to plaintiffs' claims against Cudd, and the exclusive remedy provision of Wyoming's

workers' compensation law bars plaintiffs' tort claims against Cudd. There is disagreement among federal courts as to whether a district court can even engage in a choice of law analysis in ruling on a motion to remand. Some courts have found that federal courts "cannot engage in a choice of law analysis where diversity jurisdiction is not first established." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 33 n.10 (3d Cir. 1985); see also Moore v. Johnson & Johnson, 907 F. Supp. 2d 646 (E.D. Pa. 2012) (deferring to the plaintiff's chosen law as long as the plaintiff has made a colorable showing as to choice of law). The Seventh Circuit Court of Appeals has stated that a choice of law determination can be made as part of the fraudulent joinder analysis if this issue is dispositive to outcome of a motion to remand, but the defendant bears a heavy burden to show that the choice of law supports the exercise of diversity jurisdiction. Morris v. Nuzzo, 718 F.3d 660, 672 (7th Cir. 2013). The removing defendant must show that "after resolving all issues of fact and law in favor of the plaintiff, there is no reasonable possibility that the state court would apply the plaintiff's suggested choice of law." Id. The Court finds that it is unnecessary to determine which approach is correct because, even if the Court engages in a choice of law analysis as permitted by Morris, the case should be remanded to state court.

Plaintiffs argue that Texas law applies to their claims against Cudd, and Texas law has an exclusion to the exclusive remedy provision of its workers' compensation laws that allows a claim for gross negligence against an employer. Citing the Brickner factors, plaintiffs claim that the deceased was a resident of Texas and his employer, Cudd, is based in Texas, and the relationship between the deceased and his employer was centered in Texas. Dkt. # 26, at 4. Ford responds that the accident giving rise to plaintiffs' claims occurred in Wyoming and the alleged acts of negligence committed by Cudd also occurred in Wyoming. The Court finds that it is possible that a state court

7

applying the Brickner factors could reasonably select either Texas or Wyoming law. The deceased and his employer were domiciled in Texas, and a court could find that the employment relationship was centered in Texas. However, the accident giving rise to plaintiffs' claims occurred in Wyoming, and this is a significant factor in the choice of law analysis. The exclusive remedy provision of Wyoming's workers' compensation law provides that workers' compensation is the sole and exclusive remedy for an on-the-job injury, and an injured employee may not bring a tort claim against an employer. Robinson v. Flowserve, 2015 WL 116222966, *9 (D. Wyo. Oct. 9, 2015). Under Texas law, it is possible for plaintiffs to recover against Cudd for acts of gross negligence, and plaintiffs have alleged a gross negligence claim against Cudd. Dkt. # 1-1, 7-8. For the purpose of a fraudulent joinder analysis, if a plaintiff can establish even one factor of the choice of law analysis, this is ordinarily sufficient to show that a case should be remanded to state court for a choice of law determination. Morris, 718 F.3d at 672. The Court finds that there is a reasonable possibility that the state court could have selected Texas law as applicable to plaintiffs' claims against Cudd, and Texas law would permit plaintiffs to bring a tort claim against Cudd. Based on this finding, the Court concludes that Cudd was not fraudulently joined as a party, there is not complete diversity between plaintiffs and defendants, and Ford has failed to meet its burden to show that the Court has subject matter jurisdiction over this case.[4]

---

[4] Ford argues that plaintiffs are judicially estopped from seeking to have Texas law applied to their claims in this case, because the decedent's estate filed a claim for workers' compensation benefits in North Dakota. Dkt. # 21, at 6-7. Ford asserts that the estate must have taken the position in North Dakota courts that North Dakota law applied, and Ford argues that plaintiffs are estopped from taking a contrary position in this case. The record suggests that the estate may have filed a workers' compensation claim in North Dakota, but the Court cannot determine the status of that case or what representations the estate made to the courts in North Dakota. The Court declines to apply judicial estoppel based on the incomplete record before the Court.

The Court has found that Cudd was not fraudulently joined, and it is unnecessary for the Court to consider whether plaintiffs fraudulently joined a home state defendant, McKinsey, to defeat removal. Therefore, the Court will not consider the parties's arguments concerning the applicability of an innocent seller defense under Oklahoma law. Ford also argues that plaintiffs' claims are subject to dismissal under Oklahoma procedural rules, because Oklahoma law requires the dismissal of a lawsuit when the same claims are pending before another court. Dkt. # 21, at 9. Under OKLA. STAT. tit. 12, § 2012, a case is subject to dismissal or abatement when there is "[a]nother action pending between the same parties for the same claim." The parties in this case and the Texas lawsuit are the same except for the inclusion of McKinsey in this case, and the pleadings in both cases are virtually identical. The Texas lawsuit was filed first and it is possible that an Oklahoma state court would dismiss this case. See McCutcheon v. Britton, Ramsey and Gray, P.C., 137 P.3d 1268 (Okla. Civ. App. 2006). However, Ford has made no argument that this Oklahoma procedural rule is applicable in federal court, and Ford must present this issue of state procedural law to the state court.[5]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand to Oklahoma State District Court (Dkt. # 12) is **granted**. The Court Clerk is directed to remand this case to Tulsa County District Court.

---

[5] The Court notes that federal law has a similar doctrine permitting the dismissal of parallel or duplicative cases in some circumstances. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Fox v. Maulding, 16 F.3d 1079 (10th Cir. 1994). However, the Court has found that it lacks subject matter jurisdiction over this case, and the Court cannot consider Ford's argument that this case should be dismissed as duplicative of the lawsuit pending in Texas state court.

**IT IS FURTHER ORDERED** that Defendant Ford Motor Company's Motion to Dismiss (Dkt. # 9) and the Motion to Dismiss of Defendant, Ballard's of Clinton, Inc. (Dkt. # 14) remain pending.

**DATED** this 23rd day of August, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE